**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ARMANDO MINES, #26119-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No.  WMN-10-520 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Armando Mines, an inmate confined at FCI-Petersburg- Medium, petitions pro se for Writ of Error Coram Nobis under the All Writs Act, 28 U.S.C. § 1651.  After careful consideration, the Court finds no grounds for relief and the petition shall be denied by separate Order.

**Factual Background**

In this petition, Mines attacks a 1989 conviction that was used to enhance his current criminal sentence.[1]  In 1989, Mines was sentenced to thirteen years and a month incarceration after a jury found him guilty of thirteen counts of drug and firearms offenses. *See United States v. Mines*, Criminal Action No. HM-88-322 (D. Md).  The conviction were affirmed by the Fourth Circuit on appeal. *See United States v. Mines*, 894 F.2d 403 (4th Cir. 1990) (unpublished). Subsequently,  Mines's  Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255 was denied.  *See Mines v. United States of America*, Civil Action No. HFM-92-267 (D. Md.). A second § 2255 motion was dismissed without prejudice.  The Fourth Circuit later denied authorization to file a successive petition. *See United States v. Mines*, Criminal Action No. HM-88-322 (D. Md), Paper Nos.  113 and 126.   Mines has filed other various motions for post-

---

[1]  *See United States v. Mines*, Criminal Action no. 2-06-141-PD (E. D. Pa).

conviction relief in this court. None was successful. Mines is no longer in custody for the 1989 conviction.

**Writ of Error Coram Nobis**

Pursuant to the All Writs Act, a federal court may grant writs such as coram nobis that were traditionally available only at common law. *See* 28 U.S.C. § 1651(a). A writ of coram nobis alleges an error of fact or law, and it is pursued as a remedy when the petitioner is no longer in custody on the judgment. *See United States v. Morgan*, 346 U.S. 502, 511(1954). Coram nobis is "an extraordinary remedy," and should be issued "only under circumstances compelling such action to achieve justice." *Id*; *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) (stating that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate" (quoting *United States v. Smith*, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947))). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which, if known would probably have prevented the judgment." *Morgan*, 346 U.S. at 516.

A petitioner must satisfy four requirements for coram nobis relief. First, another remedy is not available; second, valid reasons exist for not attacking the conviction earlier; third, adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of U.S. Const. art. III; and fourth, there is an error of the most fundamental character. *See e.g., Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987) (setting forth the four requirements for coram nobis relief); *Scates v. United States*, 914 U.S. F.2d 249 (4th Cir. 1990) (unpublished).

**Petitioner's Claims**

Mines posits that his 1989 judgment "was issued in error because I could not have been placed in any sentencing range, except 21 U.S.C. § 841(b)(3), as the jury never found me guilty of an aggravated offense in  § 841(b)(1)-(2), nor was it ever determined beyond a reasonable doubt."  Petition, p. 6.   "I was sentenced to a punishment under 21 U.S.C. § 841(b) without the drug type being found beyond a reasonable doubt." [2]

**Analysis**

Applying the standards for coram nobis relief to the case at bar, the court recognizes Mines satisfies the first and third requirements for coram nobis relief:  Mines has fully served his 1989 sentence and can no longer collaterally attack judgment under 28 U.S.C. § 2255; and the 1989 judgment serves as a predicate conviction to enhance a later imposed sentence resulting in continuing adverse consequences in satisfaction of the case or controversy requirement.

 Mines, however, fails to satisfy the remaining  two elements to qualify for this extraordinary remedy.  First, he fails to demonstrate that he was unable to raise his claims under 28 U.S.C. § 2255 while in custody under the sentence.  Inability to meet gatekeeping requirements applicable to § 2255 successive or second petitions is not sufficient to warrant coram nobis relief.  *See e.g.  United States v. Baptiste*, 223 F.3d 188, 190 (3rd Cir. 2000).  Further, he fully litigated the 1989 judgment on direct appeal and by petition for collateral relief under § 2255.  Mines fails to show his conviction involved fundamental error.  Mines's claim that his sentence was improper and exceeded the statutory maximum because drug type was a

---

[2] Mindful that Mines is proceeding pro se, the court interprets his petition liberally. *See Haines v. Kerner,*  404 U.S. 519, 520-21 (1972);  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

sentencing factor decided by the judge by a preponderance of the evidence standard at trial is unavailing.  Mines's relieance on the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466. 490 (2000) (holding "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") is misplaced.  The rule announced in *Apprendi* and its progeny has not been made retroactive on collateral review. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001). [3]  Coram nobis relief is not available on these grounds.

**Conclusion**

Mines fails to satisfy the requisite elements for extraordinary relief under Writ of Error Coram Nobis.  The Court will deny the petition.

 3/8/2010
Date

/s/
William M. Nickerson
United States District Judge

---

[3] Further, the Supreme Court held in *United States v. Booker,* 543 U.S. 220, 243-44 (2005), that "[a]ny fact ... which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). *Booke*r, announced in 2005, is not retroactive and not available for post-conviction relief for federal prisoners whose convictions became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).