# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARMANDO MINES, #26119-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-10-520 |
| | | Related Criminal Action No. 88-322 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

**MEMORANDUM**

Armando Mines, an inmate at FCI- Loretto, moves under Fed. R. Civ. 59 or 60 (b) (6) for reconsideration of the court's March 8, 2010 Order denying his Petition for Writ of Error Coram Nobis. The court has reviewed motion and will deny reconsideration for the reasons that follow.

**I.    Background**

A jury found Mines guilty of thirteen counts of drug and related firearms offenses. On June 20, 1989, Mines was adjudged guilty of: 1) possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(2) (Count I); 2) false identification in acquisition of a firearm in violation of 18 U.S.C. 922 (a) (6) (Counts II, IV, VII, and X); 3) receipt of a firearm by a felon and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Counts III, V, VI, VIII, IX, XI, and XII) and 4) carrying and using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Mines was sentenced to 97 months as to Counts I through XII to be followed by a mandatory 60-month consecutive term for Count XIII. Paper No. 47.

Judgment was affirmed by the Fourth Circuit on appeal. *See United States v. Mines*, 894 F.2d 403 (4th Cir. 1990) (unpublished). Mines's first § 2255 motion was denied on July 29, 1992. *See Mines v. United States*, Civil Action No WMN-92-0267 (D. Md. 1992).

On July 9, 1996, the court granted Mines' second § 2255 motion and vacated his firearms conviction under Count XIII in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 143 (1995) (holding that the "use" prong of § 924(c)(1) requires the "active employment" of a firearm). S*ee Mines v. United States*, Civil Action No. WMN-96-43 (D. Md). At the time of vacatur, Mines had fully served the 97-month sentence (with good time credit) and had begun serving the sixty-month sentence. Papers No. 96 and 97. The government initially requested re-sentencing Mines on the remaining twelve counts, but the request was denied due to double jeopardy concerns. The court thus ordered Mines's immediate release from the Bureau of Prisons with his probation transferred to the United States District Court for the Eastern District of Pennsylvania.

On May 10, 1997, Mines was arrested in Philadelphia and charged with Possession with Intent to Distribute Phencyclidine (PCP), a schedule III narcotic drug controlled substance. On June 11, 1997, an arrest warrant was issued for Mines at the request of the U.S. Probation Office for violation of his supervised release. Review of court dockets electronically accessed through the Pacer system indicates that Mines is currently serving sentences imposed in the United States District Court for the Eastern District of Pennsylvania. *See United States v. Mines*, Criminal Action No. 2:06-141-PD-1 (E.D. Pa.).

On July 31, 2000, Mines filed another § 2255 motion challenging his 1989 convictions. The court denied the petition as successive. *See Mines v. United States*, Civil Action No. WMN-00-

2308 (D. Md). On September 25, 2000, the Fourth Circuit denied Mines permission to file a successive § 2255 Motion to Vacate, Set Aside or Correct his sentence. *See* Criminal Action No. WMN-88-322.

On March 2, 2010, Mines petitioned for Writ of Coram Nobis, asserting the extraordinary relief contemplated under the Writ is warranted because his 1989 judgment was later used as a predicate conviction to enhance subsequent sentences for which he is now incarcerated. In the instant Motion for Reconsideration, Mines posits that he "should have been allowed to clarify" his position before the coram nobis petition was denied because his petition relied on claims unavailable to him at the time he was in custody under the 1989 judgment. Specifically, he posits that the Fourth Circuit did not "reinterpret § 841(a) (1)" until July 6, 2001 in *United States v. Stewart*, 256 F.3d 231, 252 (4th Cir. 2001)" and "the *Apprendi* rule's nonretroactivity procedural bar is inapplicable to situations concerning the interpretation of a criminal statute." Motion, pp. 3-4.

**II.     Analysis**

A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment under Rule 60. *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). A motion to alter or amend filed within 28 days of judgment is analyzed under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (amended December 1, 2009). The instant motion was filed on April 7, 2010, more than twenty-eight days after entry of judgment; it will therefore be considered as a Motion for Relief from Judgment under Fed. R. Civ. P. 60.

A Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. *See Ackermann v. United States*, 340 U .S. 193, 198, (1950). Therefore, before a party may seek relief under Rule 60(b), the party first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). If these threshold requirements are met, the moving party then must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. 60(b). The party seeking relief "must clearly establish the grounds therefore to the satisfaction of the district court," and such grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). Rule 60(b) provides extraordinary relief and may only be invoked under "exceptional circumstances," *Compton v. Alton Steamship Co., Inc*., 608 F.2d 96, 102 (4th Cir. 1982).

After carefully considering Mines's Motion for Reconsideration, the Court finds no merit to his claims and no grounds to award coram nobis relief. To the extent Mines intends to rely on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny for the proposition that the drug type and quantity are elements of a drug offense and thus must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt, the holding *Apprendi* and its

progeny is not retroactively applicable to cases on collateral review. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001); *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). Further, Mines's reliance on *Stewart* is unavailing. In *Stewart*, the Fourth Circuit ruled on appeal that *Apprendi* error did not affect a defendant's substantial rights where the sentence imposed was no longer than that to which he would otherwise be subject. *See Stewart*, 256 F.3d. The case does not support Mines's claims. Contrary to Mines's apparent assertions, *Apprendi* announced a new rule of criminal procedure, not a new interpretation of a criminal statute. *See Apprendi*, 530 U.S. at 475 (noting that "[t]he substantive basis for New Jersey's enhancement ... is not at issue; the adequacy of New Jersey's procedure is"). Although the court has accorded Mines's pro se pleadings liberal construction, Mines's claims lacks legal or factual merit and there is no cause for reconsideration under Rule 60(b).[1]

### III. Conclusion

The court finds no factual or basis under Fed. R. Civ. P. 60(b) to reconsider denial of the Petition for Writ of Coram Nobis. The Motion for Reconsideration shall be denied by separate Order.

/s/

April 26, 2010
Date

William M. Nickerson
United States District Judge

---

[1] Even if the Rule 59(e) motion were timely, which it is not, there is no legal or factual predicate presented to warrant reconsideration on this basis.